MINUTE ENTRY
WILKINSON, M. J.
MAY 4, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN PEARSON | CIVIL ACTION |
| VERSUS | NO. 10-2813 |
| TRINITY YACHTS, INC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## HEARING AND ORDER ON MOTION

APPEARANCES: Pro se plaintiff Alan Pearson; Susan Desmond, representing defendant

MOTION: Plaintiff's Emergency Motion for a Temporary Restraining Order and Injunction Against Defendant, Record Doc. No. 32

O R D E R E D:

 XXX : DENIED. According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and/or preliminary injunction must set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; . . ." A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if plaintiff establishes four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause defendants; and (4) the injunction will not disserve the public interest. Sugar Busters LLC v. Brennan, 177 F.3d

MJSTAR:  0 : 10

258, 264 (5th Cir. 1999). The requisite showing is "a <u>substantial</u> threat of <u>irreparable</u> injury if the injunction is not issued." <u>DSC Commc'ns Corp. v. OGI Techs., Inc.</u>, 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

Applying the foregoing legal standards to the facts plaintiff alleges and the record to date establish that he is <u>not</u> entitled to a temporary restraining order or preliminary injunction. Plaintiff's allegations (as verified under oath at the hearing) are unsubstantiated speculation. The exhibits attached to his motion papers and plaintiff's Exhibit A submitted at the hearing, which I have separately filed in the record, fail to satisfy the requirements of Rule 65. Plaintiff has <u>not</u> established that any injury he may suffer in the future would be irreparable. Any cognizable injury that he may suffer as a result of defendant's alleged or anticipated actions may adequately be remedied through the ordinary judicial process without need for a preliminary injunction or temporary restraining order.

It also cannot be concluded that plaintiff's complaint presents "a substantial likelihood of success on the merits." <u>DSC Commc'ns Corp.</u>, 81 F.3d at 600. Pearson has not established at this stage of the proceedings that any actionable wrong against him has been committed "by unknown parties of the Defense," as stated in his motion. Record Doc. No. 32 at p. 1. On the contrary, the evidence submitted by defendant refuting plaintiff's accusations is more compelling. For all of these reasons, plaintiff's motion for injunctive relief is **DENIED**.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE