UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALAN PEARSON                                              CIVIL ACTION

VERSUS                                                    NO. 10-2813

TRINITY YACHTS, INC.                                      MAGISTRATE JUDGE
                                                          JOSEPH C. WILKINSON, JR.

### ORDER AND REASONS ON MOTION

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's Motion to Quash Subpoena, Record Doc. No. 42, submitted for decision on May 18, 2011 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is **GRANTED** and plaintiff's subpoenas duces tecum to defendant is **QUASHED**.

On March 14, 2011, pro se plaintiff Alan Pearson filed in the court's record a notice of his intent to serve two, identical subpoenas duces tecum on defendant through its counsel of record. Record Doc. No. 27. The two subpoenas duces tecum were signed by plaintiff on March 11, 2011 and sought to compel the production of documents from defendant on March 31, 2011. Record Doc. No. 27-1. The two subpoenas are identical

except that plaintiff purportedly issued one from this district court to a facility of defendant in New Orleans and the second one from the district court for the Southern District of Mississippi to a facility of defendant in Gulfport, Mississippi.

Neither subpoena is valid because neither one is signed by the Clerk of Court. Although an attorney, as an officer of the court, may sign a subpoena without obtaining the Clerk's signature, Fed. R. Civ. P. 45(a)(3) does not permit a pro se plaintiff to do so.

Furthermore, according to defendant's memorandum, Pearson mailed one of the subpoenas duces tecum to defendant's attorney, which she received on an unspecified date between March 28 and April 8, 2011. Defense counsel then advised plaintiff that service of a subpoena duces tecum on a party was improper and that she was not defendant's agent for service of process. Plaintiff had the United States Marshal serve a subpoena personally on defendant's registered agent for service of process on April 14, 2011. Record Doc. No. 39.

Even if the subpoena had been validly issued by the Clerk of Court, service on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures for requests for production of documents <u>between parties</u> provided by Fed. R. Civ. P. 34. <u>See</u> <u>Powell v. United States</u>, No. 09-1873, 2009 WL 5184338, at *1 (E.D. La. Dec. 22, 2009) (Vance, J.) (denying pro se plaintiff's motion for issuance of a subpoena to defendant as procedurally improper and instructing

plaintiff to pursue information from defendant by serving discovery requests and to use a subpoena only if he seeks discovery from a non-party); Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (Noland, M.J.) (quoting Burns v. Bank of Am., No. 03 Civ. 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007)) (Subpoenas under Rule 45 "'are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."); accord Swartout v. Thomas LaNore, P.A., No. 1:07-cv-315, 2009 WL 1770540, at *2-3 (W.D. Mich. June 18, 2009) (citing Grant v. Hatchett, No. 1:08-cv-73, 2009 WL 467569, at *4 (E.D. Tenn. Feb. 23, 2009); Kean v. Van Dyken, No. 4:04-cv-64, 2006 WL 374502, at *6 (W.D. Mich. Nov. 9, 2006)).

When compared to the procedure set forth in Rule 34, which allows a party 30 days after service to respond to a request for production of documents, the notice period that plaintiff provided was wholly unreasonable, whether it was 20 calendar days from March 11, the date that he signed the subpoena duces tecum until the requested production date of March 31, or the actual time of less than three days from his first attempt to serve the subpoena duces tecum around March 28 for a return date of March 31, 2011. His personal service of the subpoena duces tecum on defendant's agent for service of process on April 14 provided no time at all to respond, as the return date

of March 31, 2011 had already passed.  Accordingly, defendant's motion is granted and the subpoena duces tecum is quashed.

Defendant also objects to the subpoena duces tecum on the basis that plaintiff's request for "all Personnel files of all current employees and past employees for the last 10 years" is excessive, invasive of non-parties' privacy and beyond the scope of discovery.  All of these objections are well-founded.  See Atkinson v. Denton Publ'g. Co., 84 F.3d 144, 148 (5th Cir. 1996) (privacy interests of individual non-parties to a lawsuit to the contents of their personnel files require protection before production will be permitted); Rubenstein v. Administrators of the Tulane Educational Fund, 218 F.3d 392, 397-98 (5th Cir. 2000) (discovery in employment discrimination case properly limited to similarly situated employees in same work unit or department as plaintiff); Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) ("a district court has discretion to determine whether discovery of such files is warranted") (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Jones v. Wal-Mart Stores Inc., 306 F. App'x 81, 83 (5th Cir. 2009) (employees with different records are not similarly situated); Bryan v. Chertoff, 217 F. App'x 289, 292 (5th Cir. 2007) (Plaintiff, who did not identify "any individuals who were similarly situated" failed to establish prima facie case).  Thus, while some small sub-set of the requested materials may be discoverable, the vast majority is

not, so that even if properly crafted as a Rule 34 request for production, this particular request for production would not be permitted.  Fed. R. Civ. P. 26(b)(1); 26(b)(2)(C).

Plaintiff is reminded that "pro se litigants are not exempt from compliance with the relevant rules of procedure and substantive law." Price v. Porter, 351 F. App'x 925, 926 (5th Cir. 2009) (citing Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).  Like any litigant, if plaintiff serves any discovery requests on defendant, he must comply with all applicable Federal Rules of Civil Procedure, including Rule 26(b), which defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u>–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1) (emphasis added).

New Orleans, Louisiana, this   18th   day of May, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE